UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VICTOR RIVERA, | * | |
| Petitioner, | * | Criminal No; 3:01-CR-0213 |
| | * | |
| | * | U.S.D.C. Judge: A.V. Covello |
| Vs. | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| Respondent, | * | |

Leave To Late File A Writ Of Habeas Corpus
Pursuant To Titles 28 U.S.C. 2255 (4) And/Or 28 U.S.C. 1651
&
Indigent Prisoner's Request To Obtain The Transcripts
Pursuant To Tiles 28 U.S.C. 1915 And/Or 18 U.S.C.S. 3006, 5 U.S.C. 552

Comes Now, this Pro-se Indigent Petitioner, Victor Rivera, whom, in the interest of justice and fundamental fairness, now moves this Honorable U.S. District Court to allow him to late file this Writ of Habeas Corpus under either, 2555 sec (4) or under "all Writs" 1651 where this Pro-se petitioner and his family has recently learned...within this past year that the Court appointed Attorney [Mr. Kurt F. Zimmerman] never filed the requested "Notice Of Appeal" to appeal the sentence in the above captioned case.

Jurisdiction
28 U.S.C. 2255 (4) And/ Or 1651

In accordance with the U.S. Supreme Court's Precedent established in the case of <u>Wilkins Vs. U.S.</u> 441 US. 468 (1979) remedy is available in this U.S. District Court for a defendant when he learns that his Court appointed Attorney failed to, or refused to file a "notice of appeal" in defiance of the client repeated request to do so.

Also see Roe Vs. Flores-Ortega, 528 US. 470 (2000) wherein the higher court as already ruled that where Counsel has failed to file a requested "notice of appeal" he is pre-se ineffective, and prejudice is presumed from his failure to do so. Many U.S. District Court have granted relief on 2255 writs challenging Counsel's ineffectiveness in not pursuing a direct appeal, and those courts have used either the re-sentencing remedy, see Hollis Vs. U.S. 687 F.2d. 257-259 (8th.Cir 1982) or the more limited remedy of entering a new judgment of the same sentence, from which a timely appeal may be taken, see U.S. Vs. Stearns, 68 F.3d. 328-331 (9th.Cir. 1995) Garcia Vs. U.S. 278 F.3d. 134-137 (2nd.Cir.2002) .

To avoid a complete mis-carriage of justice, fundamental fairness demands that this Honorable Court vacate the sentence, and re-enter the same so that the prejudice might be aborted, and the Pro-se indigent petitioner can file a timely "Notice Of Appeal" .

This court's authority under 28 U.S.C. 1651 "All Writs" may also be invoked under these extraordinary circumstances, to remove any preceived "Procedural Bar" erected by (AEDPA) where "cause & prejudice is pre-sumed by the Attorney's neglect to file the the requested notice of appeal, and then continued to lead this petitioner's family to believe that he had done so. Petitioner's Father just learned (after years of waiting for results) that Mr. Zimmerman never even filed the requested notice of appeal, and that is probably the reason he never accepted petitioner's phone calls from prison, or answered any of the many letters written to him from this petitioner. Petitioner is not asking this Court to make any rulings as to whether the the failure to file the requested notice was ineffective/or not, petitioner is merely asking quid-pro-quo, that his sentence be vacated to re-enter the same, so that his appeal rights will be restored by filing a timely "notice of appeal.

Pursuant To The Criminal Justice Act And Titles
18 U.S.C.S. 3006, 28 U.S.C. 1915, And/Or 5U.S.C. 552
This Indigent Petitioner Is Seeking A Copy Of The Transcripts And Records
In The Above Captioned Case To Prefect Further Litigation

In a serious effort to prefect an appeal and /or callaterally attack the sentence now imposed, this Pro-se petitioner would need a copy of the following transcripts and records, some of which may be copied from this court's files.

1. A copy of the indictment, and or any superseding indictment.
2. A copy of the Sentencing Transcript
3. A copy of any Plea Agreements offered
4. A copy of any notice of enhancements of sentence, or any written reasons for any downward depatures.

Petitioner has asked the former Court appointed Attorney for a copy of these records, but got no response at all.

It would indeed be nearly impossible to prefect or draft any meaningful motion to this Court without a copy of at least the above mentioned records.

Wherefore all of the herein written reasons, inter-alia, it is prayed that these records are provided, as the petitioner declares under the penaltie of perjury that he is indeed "indigent" and is in need of these records for further litigations. It is Further prayed that an "evidentiary hearing be held where petitioner and his family can present further testimonial evidence about mr. Zimmerman's neglect of his client and his failure to file the requested notice of appeal in this case.

Respectfully Submitted
by _/s/ Nulor Killer_
U.S.P. Canaan. P.O. Box 300
Waymart. P.A. 18472

CERTIFICATION OF SERVICE

-4-

I _V. RIVERA_ Certify that a true copy of this Motion was mailed, postage pre-paid, to the AUSA's Office For The District Of Connecticut at _450 Main St  Hartford, Ct. 06103_ on this date of July 24/2007

I _V. RIVERA_ Further certify that the herein written is true and correct pursaunt to title 28 U.S.C. 1746.