UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | CRIM. NO.3:01CR213(AVC) |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| VICTOR RIVERA | : | October 1, 2007 |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO
PETITIONER'S MOTION TO VACATE CONVICTION AND SENTENCE**

On April 29, 2002, the defendant Victor Rivera pleaded guilty to conspiring to possess with intent to distribute and to distribute 50 grams or more of cocaine base ("crack cocaine"). On March 10, 2003, Mr. Rivera appeared before this court to be sentenced on his drug trafficking conviction. His undisputed Guidelines range, as calculated by the Probation Office, was 262 to 327 months of imprisonment. *See* PSR at ¶ 78. Defense counsel moved for a downward departure; this court granted the motion and departed downwardly to a sentence of 188 months of imprisonment.[1]

Rivera did not appeal that sentence. Instead, some four years later, on July 24, 2007, he filed the instant motion for leave to file a habeas corpus petition pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 1651. Rivera complains that his counsel, Attorney Kurt F. Zimmermann, was ineffective in failing to file an appeal of this court's sentence after Rivera allegedly instructed counsel to do so.

The court should deny the petitioner's motion without a hearing because his claim is barred by the statute of limitations and, alternatively, is factually devoid of merit.

---

[1] The court also agreed to recommend to the Bureau of Prisons that the defendant be credited for time already served in pretrial detention.

## I. The Claim is Time Barred

A petition for habeas corpus filed pursuant to 28 U.S.C. § 2255 has a one-year statute of limitations. Specifically, 28 U.S.C. § 2255 provides in pertinent part:

> The limitation period shall run from the latest of . . . (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action . . . or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Rivera seeks habeas review due to counsel's alleged failure to appeal the court's sentence of March11, 2003. The statute of limitations for purpose of seeking habeas review of counsel's alleged failure to file an appeal of the sentence began to run, at the latest, when the time to appeal expired. Rule 4 of the Federal Rules of Appellate Procedure requires that an appeal be filed within ten business days of the entry of judgment. Thus Rivera's appeal needed to be filed by March 25, 2003, and when it was not filed, the running of the one-year statute of limitations for the instant habeas action commenced. Accordingly, Rivera should have filed his habeas petition by March 25, 2004. Because he did not file the instant motion until August 13, 2007, his petition is barred by the statute of limitations.

A petitioner may, in certain instances, be permitted to equitably toll the statute of limitations period. In order to do so, "a petitioner must show that 'extraordinary circumstances prevented him from filing his petition on time.'" *Doe v. Menefee,* 391 F.3d 147, 175 (2d Cir.2004) (quoting *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000)). The petitioner must also show that he diligently pursued his habeas petition during the time that he seeks to have tolled. *See id.* "[P]ro se status does not in itself constitute an extraordinary circumstance meriting

tolling." *Id.*

In the matter at bar, the petitioner has done absolutely nothing to satisfy his burden of demonstrating either that he diligently pursued his habeas petition in the past four years or that extraordinary circumstances prevented him from filing on time. For instance, Rivera has not provided the court with any facts that reveal what steps he took to determine the status of the appeal. Instead, Rivera baldly states that he attempted to call Attorney Zimmermann and wrote him "many letters" concerning the status of the appeal. Rivera does not supply copies of these letters, however. Nor does Rivera offer any particularized facts about his efforts over the past four years that would make his situation extraordinary.

Therefore, absent any explanation from the petitioner as to how and when he attempted to track the progress of an appeal he claims he thought was filed, the statute of limitations should not be tolled. Rivera's motion to file an untimely habeas corpus petition is barred by the statute of limitations and should be denied.

## II. The Claim is Without Merit

It is well-established that in cases considering post-conviction relief, "allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner ." *Machibroda v. United States*, 368 U.S. 487, 495 (1962), cited in *Chang v. United States*, 250 F.3d 79, 85 (2d Cir.2001). In *Chang*, the Second Circuit held that is within the district court's discretion to forego an evidentiary hearing when a defendant's "self-serving and improbable assertions" are countered by his former attorney's detailed description of the events. *Chang*, 250 F.3d at 86. Thus courts may properly consider an affidavit containing trial counsel's description of the events at issue or other documents from counsel reflecting the underlying

events. *Id.*

In the case at bar, defense counsel argued successfully at sentencing that a downward departure was appropriate. The court granted counsel's motion and imposed a sentence of 188 months – over *six years below* the bottom of the Guidelines range then binding upon the court. Following the sentencing hearing, Attorney Zimmermann met with his client, confirmed that an appeal was not desired, and then memorialized as much in a letter to Mr. Rivera. *See* Attachment (March 13, 2003, correspondence from defense counsel to Mr. Rivera). In *McHale v. United States*, 175 F.3d 115, 119, n. 4 (2d Cir. 1999), the Second Circuit noted that astute defense counsel can eliminate subsequent questions about whether their client really wanted to pursue an appeal by memorializing the matter in their file: a "prudent lawyer will either file a notice of appeal or file an affidavit from the client (or have the client state on the record) that he does not want to take an appeal." In this case, Attorney Zimmermann, properly documented that Mr. Rivera never instructed him to file an appeal. On March 13, 2003, Attorney Zimmermann forwarded a copy of the judgment to his client and advised that if Mr. Rivera wanted to pursue an appeal, it had to be filed within ten business days. Attorney Zimmermann specified that "the notice is due on or before March 25, 2003, and, as the judge mentioned, it does not cost you anything to file the appeal." *See* March 13, 2003 Letter at p. 1. Continuing, counsel advised Mr. Rivera that he did not see any legitimate basis[2] for an appeal and, moreover, cautioned that a successful appeal would paradoxically expose Mr. Rivera to a significantly greater period of incarceration: "as I explained to you after court on Monday, you could receive a much harsher

---

[2] Nor has Mr. Rivera identified any argument he would have pursued if he had perfected his appeal rights in a timely fashion.

sentence the next time around if, for example, the appellate court decided that judge Covello's decision to depart downward was erroneous. If this happened, at the re-sentencing you would be stuck with the 21-27 year sentence (absent some other grounds for departure). In any event, I cannot think of any reason for you to appeal, but it is your right and I am obligated to advise you of it." *See* Letter, pp. 1-2. As this letter clearly reflects, defense counsel spoke with his client after the sentencing and left that discussion with the understanding that the defendant did not want to pursue a pointless appeal. Once counsel was in receipt of the judgment, he forwarded the same to Mr. Rivera and confirmed that the defendant was aware of his appellate rights in the event he changed his mind and wanted to pursue an appeal on his own. Counsel also noted that he would advise the defendant's father of the facility where the defendant would serve his incarceration.

Juxtaposed to counsel's letter is Mr. Rivera's bald assertion that he timely directed his attorney to pursue an appeal. In this regard, Mr. Rivera asserts rather obliquely that "Petitioner's Father just learned (after years of waiting for results) that Mr. Zimmermann never even filed the requested notice of appeal, and that is probably the reason he never accepted petitioner's phone calls from prison, or answered any of the many letter written to him from this petitioner." Pet's Memo at p. 2. Critically, Mr. Rivera does not swear to any details concerning his alleged request that an appeal be filed. For example, he does not alleged: (1) when he told counsel to appeal, (2) where the conversation occurred, (3) what grounds he wanted to be pursued on appeal, or (4) whether the instruction to appeal was made in writing and, if so, whether he has a copy of the letter. *See United States v. Ibe*, No. 97 CR.1213, 1999 WL 970392, at *3 (S.D.N.Y. Oct. 25, 1999) (denying § 2255 motion for failure to allege when or where petitioner directed counsel to

appeal).

### III. Motion For Immediate Relief Pursuant to The All Writs Act, 28 U.S.C. 1651(a)

Mr. Rivera also argues that the purported error – that his attorney ignored his instructions to file a timely appeal – can be corrected by this court performing the legal equivalent of a "do over" pursuant to the All Writs Act. For the reasons that follow, the court cannot simply vacate its original sentence and re-enter the same sentence.

28 U.S.C. § 1651(a ) provides as follows:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

It is well established, however, that "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" *Carlisle v. United States*, 517 U.S. 416, 428, 116 S.Ct. 1460 (1996) (quoting *Pennsylvania Bureau of Corrections v. United States Marshals Service*, 474 U.S. 34, 43, 106 S.Ct. 355, 88 (1985)).

The claims raised by Mr. Rivera can be addressed under 28 U.S.C. § 2255. In fact, Mr. Rivera has acknowledged as much in his pleadings. Merely because this court may deny Mr. Rivera relief does not entitle him to relief under 28 U.S.C. § 1651. *See In re Rushing Floyd*, 62 Fed. Appx. 64, 2003 WL 21002065 (4th Cir.2003) (unpublished).[3] Consequently, Mr. Rivera's motion should be denied.

---

[3] Pursuant to Fourth Circuit Local Rule 36(c), which disfavors citation of unpublished opinions, a copy of this unpublished opinion is attached.

## IV. Conclusion

As Mr. Rivera's § 2255 petition is based solely on his assertion that trial counsel ignored his request to file a notice of appeal, and the circumstances of this case belie that assertion, the petition should be denied on the merits. Alternatively, the motion can be denied as time barred. In addition, because Mr. Rivera has not made a substantial showing of the denial of a constitutional right, this court should decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Lozada v. United States*, 107 F.3d 1011 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F. 3d 255, 259-60 (2d Cir. 1997). Finally, this court need not act on the § 1651(a) motion given that the instant habeas motion properly affords a remedy to the petitioner.

> Respectfully submitted,
>
> KEVIN J. O'CONNOR
> UNITED STATES ATTORNEY
>
> /s/ Michael J. Gustafson
> MICHAEL J. GUSTAFSON
> ASSISTANT U.S. ATTORNEY
> 157 Church Street
> New Haven, CT 06510
> Federal Bar No. CT01503

## CERTIFICATION

I hereby certify that a copy of the foregoing memorandum was mailed this 1st day of October, 2007, to:

Victor Rivera
#14393-014
USP Canaan
Box 300
Waymart, Pennsylvania 18472

Kurt F. Zimmerman
Silverstein & Osach
Suite 903
234 Church Street, Box 1727
New Haven, CT 06507

/s/ Michael J. Gustafson
MICHAEL J. GUSTAFSON

# SILVERSTEIN & OSACH, P.C.

NATHAN M. SILVERSTEIN
RONALD C. OSACH*
KURT F. ZIMMERMANN

LEONARD K. ATKINSON, JR.

*Admitted to Practice in New York State

P.O. BOX 1727
NEW HAVEN, CONNECTICUT 06507-1727

234 CHURCH STREET
SUITE 903
TELEPHONE 203-865-0121
FAX 203-965-0255

DATE: March 13, 2003

CONFIDENTIAL/PRIVILEGED
ATTORNEY-CLIENT COMMUNICATION
Victor Rivera
Donald W. Wyatt Detention Center
950 High Street
Central Falls, RI 02863

RE: **United States v. Victor Rivera, No. 3:01CR213(AVC)**

Dear Victor:

Here is a copy of the judgement in the case. It was entered on March 11, 2003. If you have any desire to appeal the matter, a notice of appeal must be filed with the District Court here in Connecticut within 10-days of March 11, 2003. The 10 days means business days under the court rules so that the notice is due on or before March 25, 2003, and, as the judge mentioned, it does not cost you anything to file the appeal. All that being said, I do not believe that you have any legitimate grounds upon which to appeal the sentencing determination. Moreover, all that you get if the appeal is successful is a re-sentencing. And, as I

explained to you after court on Monday, you could receive a much harsher sentence the next time around if, for example, the appellate court decided that Judge Covello's decision to depart downward was erroneous. If this happened, at the re-sentencing you would be stuck with the 21-27 year sentence (absent some other grounds for departure). In any event, I cannot think of any reason for you to appeal, but it is your right and I am obligated to advise you of it.

 Regarding the other cases we discussed after sentencing, you could be contacted directly, but if you are and have any questions call me.

 I will let your father know as soon as I hear that the Bureau of Prisons has founds a place for you and when you are to be transferred.

          Good luck,

          Kurt Zimmermann

**Note: if all pages are not received, please call us as soon as possible at (203) 865-0121.**

# Westlaw.

62 Fed.Appx. 64

Page 1

62 Fed.Appx. 64, 2003 WL 21002065 (C.A.4)
**(Cite as: 62 Fed.Appx. 64)**

H
In re Rushing-Floyd
C.A.4,2003.
This case was not selected for publication in the Federal Reporter.UNPUBLISHEDPlease use FIND to look at the applicable circuit court rule before citing this opinion. Fourth Circuit Rule 36(c). (FIND CTA4 Rule 36(c).)
United States Court of Appeals,Fourth Circuit.
In re Elizabeth Marie RUSHING-FLOYD, Petitioner.
**No. 03-6380.**

Submitted April 24, 2003.
Decided May 5, 2003.

On Petition for Writ of Audita Querela. (CR-00-8-7).

Elizabeth Marie Rushing-Floyd, Petitioner Pro Se.

Before NIEMEYER, GREGORY and SHEDD, Circuit Judges.

Petition denied by unpublished PER CURIAM opinion.PER CURIAM.
**\*1** Elizabeth Marie Rushing-Floyd has filed a petition for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651 (2000), seeking an order to set aside her money laundering convictions and 293-month sentence. Relief under the All Writs Act is a drastic remedy and should be used only in extraordinary circumstances. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *In re Beard,* 811 F.2d 818, 826 (4th Cir.1987).

We find that Floyd is not entitled to such extraordinary relief because she could have raised her claims in a motion under 28 U.S.C. § 2255 (2000). *See* \*65*Carlisle v. United States,* 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996); *United States v. Torres,* 282 F.3d 1241, 1245 (10th Cir.2002). The fact that Floyd was unable to obtain relief under § 2255 does not alter our conclusion. *See United States v. Valdez-Pacheco,* 237 F.3d 1077, 1080 (9th Cir.2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."); *In re Jones,* 226 F.3d 328, 333 (4th Cir.2000).

We therefore deny Floyd's petition for a writ of audita querela. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED.*

C.A.4,2003.
In re Rushing-Floyd
62 Fed.Appx. 64, 2003 WL 21002065 (C.A.4)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.