IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR RIVERA, | : CRIM.NO.3:01CR213(AVC) |
| Movant, | : Judge Alfred V. Covello |
| v. | : |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

MEMORANDUM IN SUPPORT OF MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

**COMES NOW**, the movant, Victor Rivera before this Honorable Court seeking the reduction of his prison sentence pursuant to 18 U.S.C. §3582(c)(2). The movant asks that this Court give retroactive effect to Amendment 706 through Amendment 711 under U.S.S.G. §1B1.10(c) and reduce his sentence from 188 months to 151. The Sentencing Commission has expressly designated Amendment 706 as one that may be applied retroactively through Amendment 711. U.S.S.G. §1B1.10(c).

The district court makes two determinations in deciding whether or not to modify a sentence under 18 U.S.C. § 3582(c)(2). Under the first step, the sentencing court considers what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced. U.S.S.G. § 1B1.10(b). The district court determines what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing, leaving untouched all other previous factual decisions concerning particularized sentencing factors. See

1

United States v. Wyatt, 115 F.3d 606, 609(8th Cir.1997). Such factors include, inter alia, role in the offense, obstruction of justice, victim adjustments, more than minimal planning, and acceptance of responsibility. Id.

In this particular case, at sentencing the Court determined that the movant's base offense level was 32 and his guideline range was 188 to 235 months. Accordingly, the district court should simply determine the Guideline range that would have applied in this case had Amendment 706 been in effect ab initio. Here, the relevant Guideline range would be 151 to 188 months, as opposed to the pre-Amendment's 188 to 235 months range.

Having established the applicable Amendment guideline range, the court next considers the factors in 18 U.S.C. § 3553(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed. Wyatt, 115 F.3d at 609; 18 U.S.C. §3582(c)(2). The factors set forth in § 3553(a) are the following:(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the applicable sentencing range under the Guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a). Put more succinctly, the statute requires the sentence imposed to be minimally sufficient satisfy concerns of retribution, general deterrence, specific deterrence, and rehabilitation.

Here, the movant was indicted in a conspiracy with the intent to distribute 50 grams or more of cocaine base. His offense conduct did not involve any victims nor did the Court order him to pay any restitution. The Movant has been programming as well as for the most part remainning incident free, with the exception for to misconduct reports in 2005. At the moment the Movant has served approximately 6 years of his sentence, in the event the Court chose to grant this motion, and give him a 2 level reduction, the Movant would still have to serve a substantial amount of time.

The Movant would also like to remind the Court of the Supreme Courts recent decision in Kimbrough, where the Court essentially issued a new cocaine to cocaine base ratio of 20/1.

In conclusion, the Movant, Victor Rivera respectfully requests that this Court grant this motion and reduce his sentence from 188 months to 151.

Respectfully submitted on this 26 day of August, 2008.

Victor Rivera #14393-014
FCC Forrest City-Medium
P.O. Box 3000
Forrest City, AR. 72336-3000

3